Defendant-appellant Ulysses E. Hall appeals from a judgment rendered against him in the amount of $515.00 in the Small Claims Division of the Dayton Municipal Court. Hall contends that the trial court erred by rendering judgment because he was served personally, rather than by mail. Civ.R. 4.1(B) provides for personal service. Accordingly, the trial court did not err in rendering default judgment against Hall. The judgment of the trial court is Affirmed.
 I
Plaintiff-appellee Sandra Samson filed a claim in the Small Claims Division of the Dayton Municipal Court alleging that Hall damaged her furniture, while moving it, and that Hall failed to complete yard work for which he had been paid. She sought judgment in the amount of $575.00. Upon her application, Harriet Parker, a person over the age of eighteen, not a party to the action, was designated to make service of process upon Hall. Parker filed a return of service, reflecting that she had personally served Hall with the summons and complaint.
The matter was set for hearing on May 27, 1998, but Hall did not appear. It appears that the hearing was held, and Samson was awarded judgment in the amount of $515.00. From the judgment against him, Hall appeals.
 II
Both parties are proceeding pro se in this appeal, and their briefs are informal. Hall has not set forth assignments of error, as required by App.R. 16(A)(3), but, from our reading of his brief, we infer his assignment of error to be as follows:
 THE TRIAL COURT ERRED WHEN IT RELIED UPON PERSONAL SERVICE IN AWARDING DEFAULT JUDGMENT.
Hall contends that it is his understanding that court papers must be delivered to ones residence, rather than handed to one, in person, as was done in this case. Hall explains that that is why he did not appear at the hearing.
Hall cites no authority for this proposition. Civ.R. 4.1(B) provides expressly for personal service upon the person to be served, and permits the designation of a process server by order of court. The rule expressly provides that: "The person serving process shall locate the person to be served and shall tender a copy of the process and accompanying documents to the person to be served." The record reflects that service was effected in this manner in the case before us.
The balance of Hall's brief attacks the facts alleged by Samson in support of her claim. We have no transcript of the hearing at which Samson's claim was adjudicated to be worth $515.00, which is less than the amount she was seeking. In the absence of a transcript, we must presume that the evidence presented at the hearing supported the award.
Hall's Assignment of Error is overruled.
 III
Hall's Assignment of Error having been overruled, the judgment of the trial court is Affirmed.
GRADY, P.J., and BROGAN, J., concur.